Lloyd G. DOTSON, Jr., Plaintiff,

v.

Herb MASCHNER, et al., Defendants.

No. 88–3074–S.

United States District Court,
D. Kansas.

April 15, 1991.

Lloyd G. Dotson, Jr., pro se.

Carol R. Bonebrake, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for summary judgment. Plaintiff, a Missouri inmate housed at the Lansing Correctional Facility, Lansing, Kansas, ("L.C.F.") filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims (1) he received disciplinary reports which were deliberately excessive and as a result was subjected to cruel and unusual punishment due to the length of his confinement in segregation and the conditions there and (2) the admin- istrative charges violated his right to due process. In this action, plaintiff seeks de- claratory relief and damages. Having re- viewed the record, the court makes the following findings and order.

*Factual Background*

Plaintiff was transferred from Missouri to L.C.F. pursuant to the Interstate Correc- tions Compact and entered the facility in February 1986. In March, plaintiff was charged with three disciplinary violations. He was found guilty of one charge and received a suspended sentence of 15 days disciplinary segregation.

In April, plaintiff was found guilty of four additional charges and transferred to the Adjustment and Treatment Unit ("A & T"). During 1986, plaintiff received twelve disciplinary reports and a total of 24 charges. In 1987, plaintiff received at least three reports and a total of five charges. Plaintiff's disciplinary sentence expired in May 1987.

Due to the extent and violent nature of plaintiff's disciplinary record, the Adminis- trative Segregation Review Board recom- mended in May 1987 that plaintiff's status be designated "Consistent Bad Behavior" pursuant to Kansas Administrative Regula- tion (K.A.R.) 44–14–302(f). This regulation permits the indefinite placement of an in- mate in segregation where the inmate's record shows at least three violent offenses within the preceding twelve months.

*Standard for Granting Summary Judg- ment*

A moving party is entitled to sum- mary judgment only when the evidence in- dicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This bur- den "may be discharged by 'showing'—that

is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

## DISCUSSION

*Excessive Disciplinary Reports*

■ Plaintiff's claim of excessive disciplinary reports is not well-supported. Although the number of charges made against plaintiff is large, a review of the record in this matter reveals plaintiff has acknowledged his culpability in most instances.

In 1986, the year he entered L.C.F., plaintiff received twelve disciplinary reports and entered a plea of guilty in seven. He was found guilty in four others after a full hearing, and he was found guilty of one charge in one hearing.

Similarly, in 1987, plaintiff received three disciplinary reports and entered a plea of guilty in two. Plaintiff was found guilty of the third after a full hearing.

Under these circumstances, the court must reject plaintiff's claim the charges were deliberately excessive. Even viewing this information in the light most favorable to plaintiff, as this court must, the court finds no triable issue is presented by this claim.

*Due Process in Disciplinary Proceedings*

■ Plaintiff next alleges the administrative proceedings conducted on the disciplinary reports do not comply with due process or Kansas Administrative Regulations.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court, examining the issue of due process requirements in prison disciplinary hearings, held that at a minimum, a prisoner is entitled (1) to receive advance notice of disciplinary charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. *Wolff,* 418 U.S. at 563–69, 94 S.Ct. at 2978–81. Further, the finding of a disciplinary body must be supported by some evidence in the record. *Superintendent v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985). In enunciating this standard, the Court noted that a court reviewing the findings of a prison disciplinary board need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56, 105 S.Ct. at 2773–74.

In addition, Kansas regulations require the preparation of a brief written summary of the initial disciplinary hearing and a written report of the final hearing including a statement of the evidence, testimony, and arguments presented by the parties; a statement of the evidence relied upon; and the disposition. Disciplinary hearings are tape-recorded, and copies of these recordings are available to inmates upon request. Guilty pleas are recorded by a waiver form signed by the inmate. *See* K.A.R. 44–13–301—44–13–509.

The record in this matter contains documentation of plaintiff's disciplinary record which the court has reviewed in consider-

ing plaintiff's claim. Having examined these records, the court finds no instance in which the requirements set forth above were not observed and finds this claim lacks merit.

■ The court also rejects plaintiff's claim he was unable to appeal from disciplinary findings due to the inadequacy of the statement of reasons supporting each disposition. The recording of the disciplinary proceeding coupled with the written summary leaves no doubt plaintiff had sufficient information to assure adequate review of the board's findings. *See Smith v. Maschner,* 899 F.2d 940, 946 (10th Cir.1990) (provision of a written transcript of disciplinary proceeding more than sufficient to insure adequate review).

*Administrative Segregation Review Process*

Plaintiff next claims due process violations occurred during the review of his case conducted by the Administrative Segregation Review Board. The record shows plaintiff's status was reviewed by the Administrative Segregation Review Board on May 28, 1987, shortly after his accumulated disciplinary segregation period expired. At that time, the board recommended his status be changed to Consistent Bad Behavior due to the number and violent nature of disciplinary offenses during the preceding twelve months. Plaintiff refused to appear at this review.

After this finding, the board continued to review plaintiff's placement in administrative segregation monthly. In compliance with K.A.R. 44–14–304, the board completed a report at each review noting the bases for its decision, including plaintiff's commencement of employment and continuing incidents of disruptive behavior. These reports also specifically identified the conditions upon which the board would consider plaintiff's return to general population.

■ It is well settled that an inmate enjoys no liberty interest from placement in administrative segregation in the absence of a statute or regulation which creates such an interest. *Hewitt v. Helms,* 459 U.S. 460, 467–68, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). To create a liberty interest, state regulations must use both mandatory language with specific criteria to limit official discretion and require a particular result upon a determination that the criteria have been satisfied. *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 462–63, 109 S.Ct. 1904, 1909–10, 104 L.Ed.2d 506 (1989).

■ Here, the court finds the Kansas Administrative Regulations relevant to placement of an inmate in administrative segregation did not create a protected liberty interest as they contain no mandatory language which would limit the discretion of prison officials. Rather, the relevant regulations provide, for example, only that inmates may be placed in segregation where certain conditions are met, may be placed into greater confinement upon other specified conditions, and may be charged with disciplinary offenses for violations committed by an inmate while in segregation. *See* K.A.R. 44–14–301—44–14–317.

■ The court further finds the continuing review of plaintiff's placement in segregation was in compliance with applicable state regulations to the extent they direct the preparation of reports and require notice upon the placement of an inmate in administrative segregation. As noted, the reports contained specific information regarding plaintiff's progress and set forth the conditions under which plaintiff might be released to general population. Under these circumstances, the court must reject plaintiff's claim of prejudice and insufficient findings by the board.

*Lack of Rehabilitation Programs*

■ Plaintiff also alleges he was deprived of adequate rehabilitation opportunities due to his placement in administrative segregation and asserts this placement therefore violated the Interstate Corrections Compact.

During plaintiff's placement in segregation, his opportunity to participate in programs of any sort was limited by the fact that segregated inmates were not permitted outside their cells without restraints

and escorts. During his placement in segregation, plaintiff pursued his G.E.D. and met every two weeks with a psychologist.

While recognizing these opportunities are minimal, the court finds no violation of plaintiff's rights under the Interstate Compact. Inmates confined under that agreement are entitled to be treated in a reasonable and humane manner and in the same manner as those similar inmates of the receiving state confined in the same institution. K.S.A. 76–3002, Article IV, paragraph (e). Plaintiff has alleged no instance in which he was denied privileges available to other segregated inmates and thus is entitled to no relief.

*Harassment by Prison Officials*

■ Plaintiff further alleges he was subjected to harassment during his placement in segregation. This allegation was considered by the court in August 1988 upon plaintiff's request for a preliminary injunction on this ground.

The basis for this claim appears to be events which occurred on March 18, 1988, and shortly thereafter. This sequence of events began on March 18, when plaintiff struck an officer while being released from handcuffs and threatened to throw scalding water on the officer. Following this, plaintiff was moved to a more secure cell in the segregation unit which had a solid metal door. Upon being placed in that cell, plaintiff jerked as his handcuffs were removed. He also spat at the officer and threatened to kill him. Plaintiff sustained minor cuts during this incident which were described on institution sick call records as "superficial abrasions only".

On the same day, plaintiff destroyed two disciplinary reports which were issued to him, threw liquid on a corrections official, and on two occasions threw a mixture of tobacco and hot water on the officer he had earlier struck and threatened to kill.

As a result, plaintiff remained in the secure cell until April 11, when he was returned to a less restrictive segregation cell.

The court has examined the pleadings concerning this sequence of events and concludes there is no genuine material issue of fact which would preclude summary judgment on this claim. Although plaintiff broadly asserts claims of excessive force and retaliatory action, the court finds no evidence regarding the proportionality of the institutional response, the severity of plaintiff's injuries, or the wanton infliction of pain which might support plaintiff's allegations. *See Sampley v. Ruettgers*, 704 F.2d 491 (10th Cir.1983) (discussing factors to be considered in claims of excessive force); *Smith v. Maschner*, 899 F.2d at 947–48 (discussing same with regard to claims of retaliation).

*Conditions of Confinement in A & T*

■ As a final matter, the court considers plaintiff's claim that the conditions of confinement in the segregated housing unit were inferior. Defendants argue this issue should be dismissed from this action due to plaintiff's standing as a class member in *Arney v. Hayden*, Case No. 77–3045, a class action regarding the conditions of confinement in the Kansas penal system which remains pending in this district. Because that action treats the issues raised by plaintiff in his complaint, including education, classification, sanitation, and ventilation, (Complaint, p. 3B), the court agrees the claim for declaratory relief on these grounds should be dismissed from this case.

The court further finds plaintiff has identified no harm stemming from his particular situation and unique circumstances which might arguably provide a basis for damages in this action.

CONCLUSION

Having reviewed the entire record in this matter, the court finds no basis for the declaratory relief sought by plaintiff and further concludes plaintiff has failed to show the corrections officials named as defendants in this action acted in violation of any clearly established statutory or constitutional rights. Accordingly, these defendants are shielded from liability for damages by qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

IT IS THEREFORE ORDERED the defendants' motion for summary judgment is granted and the requested relief denied.