**Wornice LLOYD, Plaintiff,**

v.

**D. SUTTLE, et al., Defendants.**

**No. 93–3274–DES.**

United States District Court,
D. Kansas.

July 25, 1994.

---

Warnice Lloyd, pro se.

John J. Knoll, Office of Atty. Gen., Topeka, KS, for defendants D. Suttle, Unit B Team Manager, L. Hoshaw, CSIII Shift Supervisor, Mike A. Nelson, Warden, Don E. Thomas, Deputy Warden of Programs, Mike Slusher, Deputy Warden of Support Services, John Snodell, Correctional Counselor II.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

Plaintiff proceeds pro se and in forma pauperis on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action while confined in El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. Plaintiff's allegations of constitutional deprivation arise from his confinement in administrative segregation at Lansing Correctional Facility (LCF) on May 22, 1993 following an inmate incident in which a prison guard was killed and another guard and an inmate were seriously injured. Plaintiff was identified as a leader in a prison gang believed to be partly responsible for the prison disturbance. Plaintiff was later transferred to EDCF and

continued to be confined in administrative segregation.

Plaintiff claims he was denied due process because his placement in administrative segregation was not based upon factual proof either that plaintiff was involved in the LCF altercation, or that plaintiff had violated any prison regulation. Plaintiff further claims his rights under state regulations were violated when he was placed in segregated confinement without a hearing, and when he failed to receive a sufficient written factual basis for his segregated confinement. For these alleged constitutional violations, plaintiff seeks damages from defendants in their individual and official capacities.

Before the court is defendants' motion for summary judgment. Plaintiff filed no response thereto, thus defendants' motion will be considered and decided as an uncontested motion. D.Kan.Rule 206(g). All facts as alleged by defendants are deemed admitted for purposes of this motion. D.Kan.Rule 206(c). The court has reviewed the record and has determined that a factual basis exists to support defendants' recitation of the facts in this case. For the reasons set forth below, the court finds defendants are entitled to summary judgment as a matter of law.

■ Kansas prison regulations provide for the segregated confinement of inmates.[1] Where the segregated confinement is related to disciplinary action, it is considered punitive and inmates are entitled to recognized minimum procedural due process guarantees under the United States Constitution. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Where the segregated confinement is nonpunitive, the segregation is authorized for the administrative purposes outlined in Kansas prison regulations. K.A.R. 44–14–301 *et seq.*

■ It is recognized that inmates are not entitled to a particular degree of liberty in prison, and that ordinarily a change in an inmate's prison classification to administrative segregation does not deprive him of lib-

erty. *Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir.1994). There is no right independently protected under the Due Process Clause to remain in the general prison population. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); *Bailey v. Shillinger,* 828 F.2d 651, 652 (10th Cir.1987). Prison officials have broad administrative and discretionary authority to remove inmates from the general prison population. *Hewitt v. Helms,* 459 U.S. at 467–68, 103 S.Ct. at 869. A decision by prison officials to place an inmate in nonpunitive administrative segregation does not implicate the Due Process Clause of the fourteenth amendment unless state law creates a liberty interest in remaining free from such restraint. *Id.* at 466, 103 S.Ct. at 868. The existence of procedural guidelines regulating the use of administrative segregation does not alone create a liberty interest in remaining in the general prison population. *Id.* at 471, 103 S.Ct. at 871.

■ Contrary to plaintiff's reading of Kansas prison regulations, no such protected liberty interest is created in this case. *Dotson v. Maschner,* 764 F.Supp. 163 (D.Kan.1991). *Compare, Abbott v. McCotter,* 13 F.3d 1439 (10th Cir.1994) (Utah regulations authorizing inmate's placement in administrative segregation examined and found not to create protected liberty interest). The particular state regulatory provisions upon which plaintiff relies in this case are neither due nor required under the United States constitution. *Templeman v. Gunter,* 16 F.3d at 369. *See Olim v. Wakinekona,* 461 U.S. 238, 250 n. 12, 103 S.Ct. 1741, 1748 n. 12, 75 L.Ed.2d 813 (1983) ("an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause"). Thus, to the extent plaintiff complains that state administrative requirements were not followed when he was placed in administrative segregated confinement, no constitutional due process claim is implicated.

■ Prison administrators are accorded substantial deference regarding matters of internal security. *Rhodes v. Chapman,*

---

1. Two forms of segregated confinement are used: disciplinary segregation and administrative segregation. In the present case, plaintiff complains of his confinement in *administrative* segregation, and there is no claim that any disciplinary charge or disciplinary action underlies plaintiff's segregated confinement.

452 U.S. 337, 349 n. 14, 101 S.Ct. 2392, 2401, 69 L.Ed.2d 59 (1981). Absent clear abuse or caprice in the exercise of their discretion, prison management is not subject to judicial review. *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976). The court finds no such abuse of discretion operating in this case, where the inmate disturbance presented a clear threat to the security and control of the institution, and the administrative confinement of plaintiff and a number of other inmates was authorized by state administrative regulations. The court further finds plaintiff's placement in administrative segregation, and the continuing review of that form of confinement, was in substantial compliance with applicable state regulations.

Finding no material fact in dispute, and finding defendants are entitled to judgment as a matter of law on all of plaintiff's claims for damages, the court grants defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.