**Clifford RUSH, Plaintiff,**

v.

**David McKUNE, et al., Defendants.**

**No. 93–3400–DES.**

United States District Court,
D. Kansas.

May 4, 1995.

Clifford Rush, pro se.

Kevin D. Case, John J. Knoll, Office of the Atty. Gen., Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights action filed by an inmate in the custody of the Secretary of the Kansas Department of Corrections. Plaintiff contends his constitutional rights were violated by his placement in administrative segregation. Defendants have filed a motion for dismissal (Doc. 19). Despite being granted extensions of time to respond, plaintiff has failed to do so, and he filed no response to the court's Order of April 14, 1995 (Doc. 30) directing him to show cause why this matter should

not be dismissed for lack of prosecution. The court therefore considers the motion for dismissal as uncontested. D.Kan.R. 206(g).

*Factual Background*

At all relevant times, plaintiff was incarcerated at the Lansing Correctional Facility, Lansing, Kansas. On June 13, 1993, plaintiff received a disciplinary incident report charging him with rule violations of avoiding an officer, disobeying orders, and interference with official duties after he failed to obey an official order to submit to a search for contraband after yard time ended.

Plaintiff was immediately placed in administrative segregation for prehearing detention [1] and a pre-segregation hearing was conducted. Plaintiff's placement was reviewed by the Administrative Segregation Review Board on the following day.

On June 18, 1993, the administrative disciplinary hearing was continued because the reporting officer was not available. The incident report was dismissed on July 6, 1993, due to the length of time the matter was pending. K.A.R. 44–13–401(a) states that a disciplinary hearing ordinarily is to be held not less than 24 hours nor more than seven working days after the incident report is issued to the inmate, subject to authorized continuances. Continuances, in turn, are governed by K.A.R. 44–13–402(a), which permits one continuance of five working days, excluding weekends and holidays if either the reporting employee or the inmate requires additional time to prepare or for good cause shown. Because the plaintiff's hearing was not rescheduled in compliance with this timeframe, the underlying report was dismissed.

*Discussion*

Plaintiff complains broadly that his rights to due process, equal protection, and freedom from cruel and unusual punishment were violated by the actions in question.

 It is settled that inmates are not constitutionally entitled to a particular classification or degree of liberty while incarcerat-

---

1. Kansas Administrative Regulation 44–14–301 provides "[a]ny inmate who has been charged with an alleged violation of law or Class I or II offense may be held in administrative segregation pending a hearing before the institution disciplinary board...."

ed, and therefore an inmate's placement in administrative segregation generally does not constitute a deprivation of liberty. *Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir.1994). Inmates do not enjoy a constitutional right under the Due Process Clause to remain in the general population. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); *Bailey v. Shillinger,* 828 F.2d 651, 652 (10th Cir.1987). Only where state law creates a liberty interest in remaining free from segregation does placement in administrative segregation implicate due process. *Hewitt,* 459 U.S. at 468–69, 103 S.Ct. at 870. The Kansas regulations do not create a protected liberty interest. *Dotson v. Maschner,* 764 F.Supp. 163 (D.Kan.1991). *See also Abbott v. McCotter,* 13 F.3d 1439 (10th Cir.1994) (Utah regulations concerning administrative segregation did not create liberty interest; regulation allowing segregation "when circumstances make it necessary" did not so limit authorities' discretion as to create liberty interest).

Because plaintiff enjoys no liberty interest under the Due Process Clause and because his initial placement in administrative segregation and the monitoring of his continuing confinement in that status were in compliance with the applicable state regulations, he is not entitled to relief on his claim of a due process violation.

■ Likewise, the court finds no colorable equal protection claim in this matter. Plaintiff has not alleged that other inmates received more favorable treatment, nor is there any evidence before the court which might reasonably support an inference of purposeful discrimination.

■ Finally, plaintiff claims the actions taken constitute cruel and unusual punishment. Prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* — U.S. —, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff's broad allegation of cruel and unusual punishment fails to identify any specific risk of harm, and it is unclear precisely what

conditions of confinement or state action he believes resulted in a constitutional violation. As has been discussed, the segregation itself was constitutionally permissible, and no disciplinary sanctions were imposed against plaintiff. Accordingly, the court concludes plaintiff has failed to state a claim of cruel and unusual punishment and is entitled to no relief on this claim.

For these reasons, the defendants' uncontested motion for dismissal will be granted.

IT IS THEREFORE ORDERED the defendants' motion to dismiss is granted, and all relief is denied.