FILED
United States Court of Appeals
Tenth Circuit

April 27, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RONALD J. SCHMITT,

        Plaintiff-Appellant,

    v.

ELIZABETH RICE, Kansas
Department of Corrections; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility; ROGER
WERHOLTZ, Secretary of
Corrections, in their official and
individual capacities,

        Defendants-Appellees.

No. 10-3269

(D. of Kan.)

(D.C. No. 5:08-CV-3047-SAC )

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Ronald Schmitt, an inmate at the Lansing Correctional Facility in Kansas

proceeding pro se, brought an action under 42 U.S.C. § 1983 against various

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

prison officials, alleging violations of the First, Eighth, and Fourteenth Amendments. Schmitt appeals the district court's denial of these claims upon defendants' motion to dismiss.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I. Background

Schmitt has been a prisoner in the custody of the Kansas Department of Corrections (KDOC) since 1989. For reasons that will be relevant later, in 2001, Schmitt was convicted in KDOC administrative proceedings of the following disciplinary violations: (1) possession of dangerous contraband, (2) hoarding authorized or prescribed medication, and (3) attempting to escape from custody. In 2002, Schmitt filed a habeas petition in federal district court appealing the administrative convictions. The district court vacated the convictions and remanded the matter. Following administrative rehearing, Schmitt was found not guilty on all charges. Thereafter, the district court ordered KDOC to review Schmitt's custody level, excluding from consideration the original disposition of the hearing officer.

Schmitt alleges that, in early 2006, he was the victim of a fraud committed by a fellow inmate, Larry Shingleton. Shingleton convinced Schmitt to send $2,000 to a third party in order to arrange for Schmitt to be interviewed on local television. The interview never took place.

On May 19, Schmitt was placed in administrative segregation. That day, he wrote a letter to Warden David McKune, complaining about the transfer, and a second letter to the prison's Intelligence and Investigation Officer, Charles Nance, reporting Shingleton's alleged fraud.

Nearly three weeks later, Schmitt received a copy of an administrative segregation report, authored by prison administrator Elizabeth Rice. The report stated an investigation by Rice led her to conclude Schmitt was preparing for an escape. She cited information received from two "reliable sources," information found in Schmitt's cell about evading capture by an enemy, and evidence of prior attempts to escape. The evidence of prior attempts included the alleged 2001 attempt, of which Schmitt had been acquitted on rehearing. Rice recommended that Schmitt be placed in administrative segregation to prevent further attempts to escape.

As a result of the investigation, Schmitt was transferred to the Supermax Long Term Administrative Segregation Unit at the El Dorado Correction Facility. In early 2007, the Segregation Review Board recommended that Schmitt be released back into the general prison population, based in part on its conclusion that the information provided by the Rice report was misleading. Schmitt was released from segregation shortly thereafter.

Schmitt brought this § 1983 action in federal district court making various claims under the First, Eighth, and Fourteenth Amendments relating to his

placement in administrative segregation and the failure of prison officials to respond to his complaints that he had been defrauded by Shingleton. The district court dismissed the amended complaint for failure to state a claim upon which relief could be granted.

## II. Discussion

On appeal, Schmitt raises the following claims: (1) the conditions of his administrative segregation violated the Eighth Amendment prohibition against cruel and unusual punishment; (2) the Rice report, which led to Schmitt's administrative segregation, violated his right to due process under the Fourteenth Amendment; and (3) Schmitt was placed in administrative segregation as retaliation for his efforts to petition the government in his 2002 habeas appeal, in violation of the First Amendment.

Because Schmitt is a pro se litigant, we construe his pleadings and other papers generously. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *See Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[]." *Id.* But "to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face."

-4-

*Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotations omitted).  The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).

### A. *Eighth Amendment Claim*

The district court dismissed Schmitt's claim that the conditions of his administrative segregation violated the Eighth Amendment after concluding Schmitt had not raised this claim in the amended complaint.  The court observed a party may not raise a claim for the first time in response to a motion to dismiss.

We disagree with the district court's interpretation of Schmitt's amended complaint.  Reading this pleading liberally, we find Schmitt raised a conditions of confinement claim in asserting that defendants violated "his Eighth Amendment Right to be free from cruel and unusual punishment," R., Vol. I, at 126, and that Rice's preparation of the investigative report, which resulted in his administrative segregation, violated his Eighth Amendment rights, *id.* at 142.

Nonetheless, we find this claim cannot survive a motion to dismiss.  The Eighth Amendment prohibits punishment that "involve[s] the wanton and unnecessary infliction of pain" or is "grossly disproportionate to the severity of the crime warranting imprisonment." *Bailey v. Shillinger*, 828 F.2d 651, 653

(10th Cir. 1987).  But the amended complaint fails to allege any facts regarding the conditions Schmitt experienced in administrative segregation.

For this reason, we affirm the district court's dismissal of the Eighth Amendment claim.

### B.  *Due Process Claim*

Schmitt also appeals the dismissal of his claim that he was placed in administrative segregation without due process.  Specifically, Schmitt contends the Rice report recommending his placement was flawed in that it included (1) false information, and (2) information about his alleged escape attempt in 2001, which was not proven in the administrative hearing and which the federal district court ordered KDOC to disregard in making its custody status determination.[1]

To make a claim of denial of due process in violation of the Fourteenth Amendment, a plaintiff must show the deprivation of a protected liberty or property interest.  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  But lawfully incarcerated persons retain only a narrow range of protected

---

[1] On appeal, Schmitt makes a second Fourteenth Amendment claim: that he was deprived of due process when prison officials failed to serve him with the Rice report, thereby preventing him from grieving his segregation status.  Because this claim is made for the first time on appeal, we need not consider it.  *Tele-Commc'ns, Inc. v. C.I.R.*, 104 F.3d 1229, 1233 (10th Cir. 1997).  However, we note this claim is directly contrary to the facts alleged in Schmitt's complaint, which asserts that he received the Rice report on June 5, 2006, the date the report was issued, and that he grieved the report numerous times.

liberty interests. *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994). Ordinarily, a prisoner does not have a liberty interest independently protected by the Due Process Clause to be placed in the general prison population, rather than in segregation. *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006).

But a showing that any prison condition "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may establish the deprivation of a liberty interest. *Id.* (quotation omitted). In considering whether Schmitt's administrative segregation met this standard, we consider whether: "(1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . and (4) the placement is indeterminate." *Estate of DiMarco v. Wyoming Dep't of Corrections, Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007). "[A]ny assessment must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts." *Id.*

We agree with the district court the facts alleged do not support Schmitt's claim that the administrative segregation imposed atypical or significant hardship. Schmitt concedes he was placed in administrative segregation as a result of a report that found he was planning an escape. Security is clearly a legitimate goal for prison officials. Schmitt does not assert the placement increased the length of

his confinement.  And, again, Schmitt's amended complaint makes no allegations as to the conditions he experienced in administrative segregation.  The fact that Schmitt's placement was reviewed at monthly intervals and was terminated after eight months also weighs against any finding of significant hardship.  *See, e.g.*, *id.* at 1343 (finding no significant hardship where the segregation was reviewed every ninety days and lasted for fourteen months, and listing cases holding segregation for longer periods did not constitute a significant hardship).

Because Schmitt's amended complaint does not assert facts supporting a finding that segregation deprived him of a protected liberty interest, we find the due process claim was properly dismissed.

## C.  First Amendment Claim

Finally, Schmitt reasserts his claim that Rice deliberately falsified information in her report in retaliation for his exercise of his First Amendment right to petition government.  On appeal, he argues Rice's retaliation was motivated by his successful habeas petition in 2002.[2]

---

[2]  Schmitt also suggests Rice falsified the report in response to administrative grievances he filed against her personally.  This claim is raised for the first time on appeal.  We generally will not pass on claims not raised in the district court.  *Tele-Commc'ns, Inc.*, 104 F.3d at 1233.  But we note that, even if this claim were properly preserved, it would be without merit.  The grievances against Rice cited by Schmitt were all filed *after* she issued her report.

It is well settled that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotations omitted). But "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Id.* Thus, to prevail on a claim for retaliation, a prisoner must show that, but for the retaliatory motive, the adverse action would not have taken place. *Id.* "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (quotations omitted).

The district court dismissed this claim after finding Schmitt failed to show a causal relationship between his protected activity and his administrative segregation. We agree.

Schmitt's contention that Rice falsified her report in retaliation for his successful habeas petition in 2002 is not supported by the allegations in the amended complaint. He asserts no facts suggesting a retaliatory motive related to his litigation. Moreover, the significant delay in time—Rice authored the report more than three years after Schmitt's habeas petition—renders the likelihood of causation even more remote. On appeal, Schmitt argues the delay can be explained by the fact that, prior to 2006, Rice had no opportunity to act on her

animus against him.  Even if the amended complaint supported this assertion, it would not, standing alone, create an inference of causation.

### III.  Conclusion

For the foregoing reasons we AFFIRM the dismissal of Schmitt's § 1983 claims.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge