**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LEONARD RACKLEY,

          Plaintiff – Appellant,

v.

JOHNNY BLEVINS, DOC Internal
Affairs; JUSTIN JONES, DOC
Director; TIM WILKINSON, Warden
(DCF); MARK KNUTSON, Director's
Designee,

          Defendants – Appellees.

No. 14-6203
(D.C. No. 5:14-CV-00145-HE)
W. D. Oklahoma

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY, ANDERSON**, and **BACHARACH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

_____

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and Appellant Leonard C. Rackley, a state prisoner proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action alleging a violation of his constitutional rights based upon the indefinite termination of his visitation privileges with his wife. For the following reasons, we affirm the dismissal of this case.

## BACKGROUND

Mr. Rackley is currently incarcerated at the Mack Alford Correctional Center, but he was imprisoned at the Oklahoma State Reformatory ("OSR") when the primary events underlying this case occurred. He has, moreover, been transferred multiple times over the past several years, as explained more fully below.

On February 23, 2008, Mr. Rackley was receiving a visit from his wife, Chasity Rackley, while he was incarcerated at the OSR. A male and female officer interrupted the visit, separated the Rackleys, and searched for contraband. No contraband was found on either person, but a prison official did find a cell phone in the area of the visitation room where the couple had been sitting. Mr. Rackley was accused of possession of a cell phone and, at his disciplinary hearing, he pled guilty to that offense. His punishment included thirty days in disciplinary segregation, the loss of 365 earned credits and the assignment to Level 1 for ninety days. The Report of the Disciplinary Hearing Action did not

include the loss of visiting privileges as a sanction for the possession of the cell phone. R. Vol. 1 at 123.

On February 26, 2008, however, Rick Whitten, the Acting Warden at OSR, wrote an interoffice memorandum stating that Mr. Rackley's visiting privileges had been "indefinitely terminated" due to incidents which occurred during the February 23 visit with Ms. Rackley. Id. at 124. In addition to describing the cell phone recovered from the visiting room, the memo reported that the Rackleys "were overheard talking about bringing drugs into the facility on [Ms. Rackley's] next visit." Id. Accordingly, the memo stated that Ms. Rackley had been removed from Mr. Rackley's list of approved visitors and visits from Ms. Rackley would be denied at all Department of Corrections ("DOC") facilities.

Shortly after these disciplinary proceedings at the OSR, Mr. Rackley was transferred to the Oklahoma State Penitentiary ("OSP"). Approximately one year after that, he was transferred to the Davis Correctional Facility ("DCF"). Mr. Rackley avers that he was allowed to visit with his wife at the OSP and initially at the DCF. He claims, however, that on July 28, 2010, while he was incarcerated at the DCF, he asked that his wife be removed from his list of visitors after the two had argued. In August 2010, Mr. Rackley asked the DCF officials to put his wife back on his list of approved visitors. That request was denied because DOC regulations require a prisoner to wait 120 days (i.e. in Mr. Rackley's case until November 28, 2010) before a person who was previously removed from the

approved visitor list could be reinstated.  After 120 days, when Mr. Rackley asked again to have his wife's visitation privileges restored, he was informed of the 2008 indefinite termination of visitation imposed by Acting Warden Whitten at the OSR.  Defendant Tim Wilkinson, the Warden of the DCF, informed Mr. Rackley that the Warden of the OSR was the only person who could restore Ms. Rackley's visiting privileges.  In a letter dated October 19, 2011, the new Warden of the OSR, James Rudek, declined to act on Mr. Rackley's request because Mr. Rackley was no longer incarcerated at the OSR.  Mr. Rudek accordingly claimed that he lacked jurisdiction to reinstate Ms. Rackley's visiting privileges.

Mr. Rackley then sought relief from Defendant Johnny Blevins, the Administrator of the DOC's Office of Internal Affairs.  In a letter dated April 2, 2012, Defendant Mr. Blevins stated that he could not "re-instate visitation at this time" because "[a]ccording to your correspondence you are still denying your actions."  R. Vol. 1 at 34.  Defendant Willkinson again denied Mr. Rackley's request to staff on January 29, 2013, based on Mr. Blevins' adverse decision.

On March 27, 2013, William Rankin, Mr. Rackley's Unit Manager at the DCF, and Lesa Grizzle, Mr. Rackley's case manager, sent a request to Greg Williams, the Administrator of Private Prisons and Jails, requesting that Ms. Rackley's visitation privileges be restored based on Mr. Rackley's improved conduct and the fact that visitation at the DCF is by video, so there would be no

opportunity for Ms. Rackley to deliver contraband to her husband. Mr. Williams denied the request, relying on the previous denial by Defendant Mr. Blevins.

Mr. Rackley then resubmitted his grievance to the DCF authorities. He received an amended response on May 24, 2013, stating that, based on the denial of relief by Greg Williams (the Administrator of Private Prisons), his request to have his wife's name taken off the visitation suspension list was denied.

Mr. Rackley appealed that denial to Defendant Mark Knutson, the Director's Designee for handling inmate appeals. Mr. Knutson affirmed the denial of relief, based on his finding that Mr. Rackley had not substantiated his appeal with any authority supporting his claims. Mr. Knutson added that, although Mr. Rackley had exhausted his administrative remedies, "the grievance procedure does not satisfy the additional requirements for exhaustion of administrative remedies required by the Governmental Tort Claims Act, 51 O.S. § 151 et seq." R. Vol. 1 at 143.

Following Mr. Knutson's advice (erroneous, as it turned out), Mr. Rackley filed a claim under the Oklahoma Governmental Tort Claims Act, only to have his claim denied by the Oklahoma Risk Management Department because the Act excludes claims premised on omissions by independent contractors for the State and claims stemming from the operation or maintenance of any prison, jail or correctional facility. Id. at 145. The Oklahoma Risk Management Department

added that Mr. Rackley's claim was also denied for "failure to exhaust administrative remedies." Id.

Mr. Rackley then filed the instant civil rights action, claiming that his due process and equal protection rights were violated by the Defendant officials' failure to "correctly adhere to applicable DOC operation's policy," by giving him "conflicting instructions . . . about how a visitor may be reinstated to an inmate's visitation list," and because there is "no legal justification for continued suspension of visiting privileges . . . ." Civil Rights Compl. at 8, 12, 15; R. Vol. 1 at 12, 16, 19.

The matter was referred to a magistrate judge, who recommended that Mr. Rackley's claims be dismissed for three reasons: First, the magistrate judge concluded that Mr. Rackley failed to state a claim upon which relief could be granted, as required by 28 U.S.C. § 1915A. Second, the magistrate judge determined that Mr. Rackley's claims for monetary damages against Defendants Blevins and Jones in their official capacities were barred by Eleventh Amendment immunity. Third, the magistrate judge determined that Mr. Rackley had not demonstrated that Defendants Jones, Wilkinson and Knutson had personally participated in any of the alleged violations.

Mr. Rackley ultimately filed objections[1] to the magistrate judge's Report

and Recommendation, not raising any new arguments but, rather, continuing to

assert that he never actually possessed any illegal narcotics while in prison and

had, therefore, not violated any state laws.  He thus argued that the revocation of

his wife's visitation privileges "infringes on his liberty interests which in turn

denies [him] his due [process rights]."  Mr. Rackley also opined that his wife's

visitation privileges were denied in retaliation for his refusal to cooperate with

internal investigations regarding the death of an inmate who had allegedly raped

another inmate.  Mr. Rackley made no objection to the Report and

Recommendation's conclusions regarding the Eleventh Amendment immunity or

the lack of personal participation.  The Report and Recommendation also

recommended that the dismissal count as a "prior occasion" or strike pursuant to

28 U.S.C. § 1915(g).

The district court subsequently adopted the Report and Recommendation in

all aspects except the conclusion that the dismissal should constitute a "prior

occasion" or strike under § 1915(g).  The court determined that a strike/prior

_____

[1]Mr. Rackley initially failed to file any objections to the Report and
Recommendation, and the district court determined that he had waived his right to
review any of the factual and legal issues addressed therein.  The court adopted
the Report and dismissed Mr. Rackley's complaint without prejudice.  Mr.
Rackley then sought leave to file objections, stating that he had not received the
Report until after the deadline for objections.  He had apparently been moved to a
different location of incarceration.  The district court accordingly vacated the
Report and Recommendation and the related judgment and permitted Mr. Rackley
to file his objections.

occasion designation was not warranted, stating, "[g]iven the conflicting and questionable information [Mr. Rackley] was apparently given as to who had the authority to resolve the visitation issue, the court cannot say that his actions here were so obviously groundless or unjustified as to warrant that result." Order at 5; R. Vol. 1 at 153. The district court also issued an order granting Mr. Rackley leave to proceed without prepayment of fees and assessing partial payments under the Prison Litigation Reform Act. Mr. Rackley has made partial payments on the underlying district court fee.

This appeal followed, in which Mr. Rackley continues to assert that his due process and equal protection rights are being violated: "A termination of plaintifs [sic] visiting privileges is unwarrented [sic] and not allowed by Oklahoma Department of Corrections own policy. Any other inmate in a similar situation would only receive a 'suspension' of 90 to 180 days of their visiting privileges." Plaintiff's Opening Br. at 2-3 (emphasis omitted).

## DISCUSSION

"Dismissal for failure to state a claim is a legal question we review de novo." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id. (quoting Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007)).

As the district court noted, "[t]o make a claim of denial of due process in violation of the Fourteenth Amendment, a plaintiff must show the deprivation of a protected liberty or property interest." Schmitt v. Rice, 421 Fed. Appx. 858, 861 (10th Cir. 2011) (unpublished) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)).[2] "The Supreme Court has limited the scope of liberty interests to conditions involving an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Cleveland v. Martin, 2014 WL 5368884, *4 (10th Cir. 2014) (unpublished) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). "Since Sandin, we have consistently stated in unpublished opinions that inmates lack a liberty interest in visitation." Id. (citing Marshall v. Morton, 421 Fed. Appx. 832, 838 (10th Cir. 2011) (unpublished) (holding that "restrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause")). In accordance with these unpublished decisions, we cannot find a liberty interest in Mr. Rackley's visitation privileges.

We accordingly agree with the district court that, "because [Mr. Rackley] cannot show a constitutionally protected liberty interest in his visitation privileges, his claim that Defendants deprived him of the opportunity to visit his

_____

[2]While we note that unpublished decisions are not ordinarily cited as precedent in this circuit, we cite them if they state legal principles with which we agree as well-established principles of law.

wife fails to state a viable claim for relief." Report & Recommendation at 8

(adopted by the district court); R. Vol. 1 at 85. As to Mr. Rackley's equal

protection claim, he presents wholly conclusory allegations as to different

treatment compared to other inmates, and we therefore cannot evaluate that claim

further.

We further agree with the district court's other grounds for dismissing this

complaint: Mr. Rackley failed to challenge the magistrate judge's

recommendation that sovereign immunity shielded some Defendants from his

claims.[3] And we conclude that Mr. Rackley must show personal participation by

the Defendants, and he has failed to do so, at least as to most of the Defendants.

See Barkes v. First Correctional Med., Inc., 766 F.3d 307, 318-19 (10th Cir.

2014); Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th

Cir. 2013); Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010); Stewart

v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012).

We therefore agree with the district court that Mr. Rackley has failed to

state a valid claim and his complaint is accordingly properly dismissed. We also

agree, however, that the circumstances of this case do not constitute a "prior

occasion" under 28 U.S.C. § 1915(g) such as would warrant imposition of a

strike. We remind Mr. Rackley that he remains obligated to continue making

---

[3]The district court noted that Mr. Rackley stated, in his Objections to the Report and Recommendation, his desire to "drop the monetary part of" his suit. Order at 4; R. Vol. 1 at 152.

partial payments until the entire appellate fee has been paid. Taking Mr. Rackley's complaint at face value, as we must under our standard of review, we are not unsympathetic to his plight. It has aspects which are reminiscent of a Kafkaesque "Catch-22." Nonetheless, as the above analysis makes clear, there is no constitutional remedy for his unfortunate situation.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-11-