**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

AKINLABI COLEMAN,

    Plaintiff - Appellant,

v.

ASSOCIATE WARDEN JEFF LONG;
WARDEN HENSEN; JOHN DOE(S),
Intelligence Officers; INVESTIGATOR
GENERAL,

    Defendants - Appellees.

No. 19-1039
(D.C. No. 1:18-CV-03140-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.

_____

Plaintiff-Appellant Akinlabi Coleman, a state prisoner proceeding pro se,

appeals the district court's dismissal of his civil rights lawsuit as frivolous, pursuant

to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff alleged that Defendants violated his

Fourteenth Amendment due process rights by revoking his visitation and telephone

privileges for one year without a hearing, in violation of 42 U.S.C. § 1983. The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court found that Plaintiff's lawsuit was frivolous because Plaintiff does not have a protected liberty interest in visitation and telephone privileges. Although the district court certified that Plaintiff's appeal would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3), Plaintiff timely filed a notice of appeal and a motion to proceed in forma pauperis. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we dismiss Plaintiff's appeal as frivolous and deny his motion to proceed in forma pauperis.

**I**

Coleman is an inmate in the custody of the Colorado Department of Corrections. On December 19, 2017, he was notified by Associate Warden Jeff Long that his "visiting and telephone privileges . . . [would] be[] suspended in accordance with Administrative Regulation 300-01 and w[ould] remain suspended through 12/18/2018." ROA at 12. The notice accused Plaintiff of being involved with "attempts to procure and introduce illicit substances into the Sterling Correctional Facility, for the purposes of possession, sale and distribution." *Id.*

On December 27, 2017, Plaintiff wrote to Warden Hensen to "ask that [he] . . . reinstate [Plaintiff's] visiting and phone privileges." *Id.* at 11. Plaintiff explained that marijuana was found on his cell-mate's person during a search outside Plaintiff's cell, that no drugs were found in Plaintiff's cell, and that Plaintiff's drug test came back clean. *Id.* at 10. Plaintiff's privileges were not reinstated. *See id.* at 6.

On December 6, 2018, Plaintiff filed the present lawsuit against Warden Hensen, Associate Warden Long, and unnamed intelligence officers, for violating his Fourteenth Amendment due process rights, in violation of 42 U.S.C. § 1983. *Id.* at

2

4–5.  Plaintiff proceeded in forma pauperis in the district court.  *See id.* at 17–19.

Before Defendants were served, the district court dismissed Plaintiff's case "as

legally frivolous," pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.* at 24.  The district

court found Plaintiff's "due process claim [to] lack[] merit because the suspension of

[Plaintiff's] telephone and visitation privileges does not implicate a constitutionally

protected liberty interest."  *Id.*

**II**

"Lawful imprisonment necessarily makes unavailable many rights and

privileges of the ordinary citizen," but "a prisoner is not wholly stripped of

constitutional protections when he is imprisoned for crime."  *Wolff v. McDonnell*,

418 U.S. 539, 555 (1974).

> The Fourteenth Amendment's Due Process Clause protects persons
> against deprivations of life, liberty, or property; and those who seek to
> invoke its procedural protection must establish that one of these interests is
> at stake.  A liberty interest may arise from the Constitution itself, by reason
> of guarantees implicit in the word "liberty," or it may arise from an
> expectation or interest created by state laws or policies.

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted).

It cannot "seriously be contended . . . that an inmate's interest in unfettered

visitation is guaranteed directly by the Due Process Clause" of the Fourteenth

Amendment.  *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989).  "The

denial of prison access to a particular visitor 'is well within the terms of confinement

ordinarily contemplated by a prison sentence.'"  *Id.* at 461 (quoting *Hewitt v. Helms*,

459 U.S. 460, 468 (1983)).  Accordingly, Plaintiff does not derive a liberty interest in

3

visitation and telephone privileges from the Constitution. *See, e.g., Cleveland v. Martin*, 590 F. App'x 726, 732 (10th Cir. 2014); *Rackley v. Blevins*, 596 F. App'x 620, 624 (10th Cir. 2014).

Nor do Colorado's policies and regulations create a liberty interest in visitation and telephone privileges. "State policies or regulations will not create the basis for a liberty interest in the conditions of confinement so long as they do not 'impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Estate of Dimarco v. Wyo. Dep't of Corrs.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (brackets omitted) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "Withdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior." *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003). The "withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline . . . . is not a dramatic departure from accepted standards for conditions of confinement." *Id.* at 137 (citing *Sandin*, 515 U.S. at 485). Therefore, the district court correctly found that Defendant lacks a liberty interest in his visitation and telephone privileges.[1]

---

[1] Plaintiff's complaint only explicitly references a due process claim. ROA at 5. But because Plaintiff proceeds pro se, "we liberally construe his pleadings." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018). Plaintiff alleges that the revocation of his visitation and telephone privileges interfered with his "communication with [his] family[, which] is a big part of [his] mental health well-being" and "a part of [his] drive to continue to be pro-active in [his] programming" at prison. ROA at 11. Insofar as Plaintiff alleges a violation of his right to familial association, *see Wirsching v. Colorado*, 360 F.3d 1191, 1198, 1201 (10th Cir. 2004), Plaintiff has failed to state a claim because he does not allege that Defendants

Continued . . .

4

"Because [Plaintiff] has failed to present any legal theory which could conceivably refute the district court's disposition, his appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)([i])." *Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1249 (10th Cir. 2007). We deny Plaintiff's motion to proceed in forma pauperis because, in his one-sentence brief, Plaintiff "has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

The district court dismissed Plaintiff's action as frivolous. We do the same. Therefore, "both dismissals count as strikes." *Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## III

Plaintiff's appeal is DISMISSED as frivolous and Plaintiff's motion to proceed in forma pauperis is DENIED. Plaintiff is assigned two strikes: one for his frivolous action in district court, and a second for his frivolous appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

targeted his familial relationships when revoking his visitation and telephone privileges, *Cordova v. City of Albuquerque*, 816 F.3d 645, 654–56 (10th Cir. 2016).